Allen, J.
But a single question is presented by the record before us in this action. It is conceded, or if not conceded it must be regarded as too firmly established as well upon principle as by authority to be now questioned, that if a master is wanting in proper care in the selection of servants, and negligently or knowingly employs or retains in his service those who are incompetent and unfit for the duties to which they are assigned, he is liable to respond to other employes and servants engaged in the same service, who may sustain damage by reason of such in competency and unfitness. And when the master is a corporation, necessarily acting by and through agents, the acts of its general agents charged with the employment and discharge of servants, in the performance of that duty, must be regarded as its acts. The corporation should be regarded as constructively present in all acts performed by its general agents within the scope and range of their ordinary employment. It is equally well settled that when reasonable precautions and efforts to procure safe and skillful servants are used, and without fault one is employed through whose incompetency damage occurs to a fellow-servant, the master is not liable. (Laning v. N. Y. C. R. R. Co., 49 N. Y., 521; Flike v. B. and A. R. R. Co., 53 id., 549; Wright v. N. Y. C. R. R. Co., 25 id., 562; *360 Tarrant v. Webb, 18 C. B., 797; Ormond v. Holland, El., Bl. & El., 102.) There is nothing in the case to justify the imputation of a want of care in the first or original employment of McGerty, the switchman, by whose want of care and neglect of duty, as is charged, the injury was occasioned to the deceased, resulting in his death. The complaint is that he was retained in the service of the defendant, and in the same capacity as a switchman, after he had shown himself unfitted for the position and unsafe to be trusted in it. Eroof was given of a single occurrence in respect to which it was claimed an accident similar to. that which resulted in the death of the deceased was occcasioned by his negligence and carelessness, and that knowledge of the facts was brought home to the general agents of the defendant. When as here the general fitness and capacity of a servant is involved, the prior acts and conduct of such servant on specific occasions may be given in evidence with proof that the principal had knowledge of such acts. The cases in which evidence of other acts of misconduct or neglect of servants or employes, whose acts and omissions of duty are the subject of investigation, have been held incompetent, have been those in which it has been sought to prove a culpable neglect of duty on a particular occasion, by showing similar acts of negligence on other occasions. This class of cases does not bear upon the case in hand, and may be laid out of view. Proof of specific acts of negligence of a servant or agent on one or more occasions, does not tend to prove negligence on the particular occasion which is the subject of inquiry. When character as distinguished from reputation is the subject of investigation, specific acts tend to .exhibit and bring to light the peculiar qualities of the man, and indicate his adaptation, or want of adaptation to any position, or fitness or unfitness for a particular duty or trust. It is by many or by a series of acts that individuals acquire a general reputation and by which their characters are known and described, and the actual qualities, the true characteristics of individuals, those qualities and characteristics which would or should influence and control in the selection of agents for *361 positions of trust and responsibility, are learned and known. A principal would be without excuse should he employ for a responsible position, on the proper performance of the duties of which the lives of others might depend, one known to him as having the reputation of being an intemperate, imprudent, indolent, qr careless man. He would be held liable to the fellow-servants of the employe for any injury resulting from the deficiencies and defects imputed to the individual by public opinion and general report. Still more should he be chargeable if he had knowledge of specific acts showing that he possessed characteristics incompatible with the duties assigned him and which might expose his fellow-servants and others to peril, and harm. Frazier v. Pennsylvania R. Co. (38 Penn. St., 104), is adverse to these views. There evidence was admitted over the objection of the defendant, of repeated acts of negligence of the conductor (by whose carelessness the plaintiff, a brakesman on the train, was injured), resulting in collisions before the time of the injury to the plaintiff, for which the conductor had been fined by the company, and that the agents of the defendants knew those facts; and it was held error. The court while conceding, that the character grows out of special acts, held that it could not be proven by them, and the case was classed with those in which character is proved by way of impeachment and in which it would be impossible to investigate specific acts and in which general reputation alone can be given in evidence. It is safe to say that this decision has not been received with approval by the profession. (Whart. on Neg., § 238, and notes.) It is reviewed in Pittsburgh, F. W. and Ch. R. Co. v. Ruby (38 Indiana, 294), in a very satisfactory opinion by Buskirk, J. The court in that case was of the opinion and so held, what I think the most reasonable doctrine, that for the purpose of showing that the officers of a railroad corporation did not exercise due care, prudence and caution in the employment of, or in retaining in service, careful, prudent and skillful persons to manage and operate its road, and for the purpose of charging such corporation with notice of the *362 incompetency of its employes, specific acts of negligence or unskillfulness of such employes may he proved. In the case cited the conductor, through whose “ gross negligence, carelessness and want of attention ” in leaving a switch unadjusted and thereby causing a collision and consequent injury to the plaintiff, was proved to have, about a year before, carelessly and negligently left a switch open by which a train was thrown from the track, and a short time before the injury to the plaintiff and the same fall to have been “guilty of gross negligence ” in disobeying orders, to wait at a given station for a train passing east, and in signalling the engine to go on after he had ordered down brakes, from which facts and circumstances the jury found that the conductor was a careless and unfit person for that position. The court merely remark, as to the effect to he given to the evidence impeaching the qualifications of the conductor, in response to the contention of counsel that the verdict was not sustained by evidence, that they were satisfied that the verdict was sustained. The case had been twice tried resulting in a verdict for the plaintiff on each trial, and the court declined to disturb the last verdict.
The duty of a railroad corporation is to exercise due, that is ordinary care, in the selection and employment of its servants and agents, having respect to their particular duties and responsibilities and the consequences that may result from the want of competence, skill or care in the performance of their duties. If without exercising such care and caution, employes and agents are selected who áre incompetent, or in any respect unfitted for the position, and harm and loss come to others by reason of such incompetency or unfitness, the corporation must answer for their neglect and want of care in employing a servant incompetent or untrustworthy.
There is no impeachment or attempt to impeach the qualifications and fitness of McGerty as a switchman, except by the proof of a single occurrence, several months before the occurrence in question. It is not contended that the defendant. was wanting in the exercise of due care in his original *363 employment, and it must be assumed that he was competent when employed and reasonably intelligent, and was during all the time he was in the service of the defendant, sober, temperate, attentive to his duties, carefully, intelligently and successfully performing the service required of him with the single exception referred to. At the time of the accident, he had been in the service of the defendant in different capacities for eight or nine years, had served as a switchman over a year and a half, at or near the point at which the plaintiff’s intestate was injured. Six or seven months before the time last referred to, a train had been thrown from the track by a misplaced switch while McGerty was in charge, which the plaintiff claims was caused by his carelessness, want of attention, or mistake. If it be conceded that the negligence of McGerty upon the prior occasion is established, it by no means follows that the defendant was bound to discharge him upon peril of being charged with neglect and a want of due care in retaining him in its service. An individual who by years of faithful service has shown himself trustworthy, vigilant and competent, is not disqualified for further employment, and proved either incompetent or careless and not trustworthy, by a single mistake or act of forgetfulness and omission to exercise the highest degree of caution and presence of mind. The fact would only show" what must be true of every human being, that the individual was capable of an act of negligence, forgetfulness or error of judgment. This must be the case as to all employes of corporations until a race of servants can be found free from the defects and infirmities of humanity. A single act may under some circumstances show an individual to be an improper and unfit person for a position of trust, or any particular service, as when such act is intentional and done wantonly, regardless of consequences, or maliciously. So the manner in which a specific act is performed may conclusively show the utter incompetency of the actor, and his inability to perform a particular service. But a single act of casual neglect docs not, per se, tend to prove the party to be careless and imprudent, and *364 unfitted for a position requiring care and prudence. Character is formed and qualities exhibited by a series of acts, and not by a single act. An engineer might from inattention omit to sound the whistle or ring the bell at a road crossing, but such fact would not tend to prove him a careless and negligent servant of the company. The company is only charged with the duty of employing those who have acquired a good character in respect to the qualifications called for by the particular service, and no one would say that a good character acquired by long service was destroyed or seriously impaired by a single involuntary and unintentional fault. (Murphy v. Pollock, 15 Irish C. L., 224.) But this appeal does not necessarily depend upon the correctness of this view of the effect to be given to a single instance of neglect. All that the corporation defendant was bound to do, after the occurrence, was to inquire into it, and ascertain the facts, and act in the discharge or retention of the switchman with reference to the facts as ascertained, as reasonable prudence and care should dictate, and if such care and caution was exercised, the company is not liable although its general agent erred in judgment in retaining the switchman in the same service. Ordinary care and a reasonable exercise of discretion and judgment is all that is necessary to absolve the corporation from the charge of neglect of duty in such a case.
The transaction upon which stress is laid, and by force of which it is now sought to charge the defendant with the consequences of the servant’s neglect on this occasion, and the agency of the switchman in causing the accident on that occasion was investigated immediately thereafter by the agent of the defendant whose general duties included such investigation, and who was authorized to employ and discharge switchmen at that point. He had the statement of the switch-man himself and in this record we have his sworn statement of the same transaction, and assuming as we must that the facts disclosed upon this trial were made known to the agent and representative of the defendant, then it was certainly a question of doubt whether the fault of that accident was upon *365 the switchman or the engineer in charge of the train that was thrown from the track. There is no evidence that he rang the bell or gave other signal of the approach of his train as he was bound to do by the rules of the road, and of the service upon a train going south on the New Haven track. The switchman heard no signal and only learning of the near approach of the train by the noise made by the running of the train he might reasonably, in the hurry and haste incident to the occasion, have supposed that it was an extra upon the Harlem track, which did not signal when going south, and thus be innocently led into the mistake causing the accident. The corporation might well come to the conclusion that the misplacing of the switch on that occasion was not a negligent or careless act on the part of the switch tender. And if a reasonable man might infer that the switchman was careless, or acted unadvisedly and without proper caution, it does not follow that general carelessness and imprudence can be inferred from'this single act in a man as to whose conduct on other occasions there could be no imputation of negligence or inattention, or that a want of reasonable care could be inferred on the part of the corporation in retaining him.
To justify a recovery by the plaintiff from this single instance there must be inferred not only the carelessness as a characteristic of the switchman and his consequent unfitness for that particular service, but the want of due care in the corporation in investigating the occurrence and determining upon the retention of the man. The corporation did not guarantee the absolute fitness of their servants and agents for their respective employments, and is only responsible for some fault in employing, or continuing them in its service. The question in this case was, whether the single occurrence detailed by the witness, in connection with other circumstances and with his general character and conduct, was such as to make it necessary for the defendant in the exercise of proper care and prudence, such as the law enjoins, to discharge this switchman. I am clearly of opinion that there was not sufficient evidence to carry the ease to the jury. A verdict against the defend *366 ant based upon this evidence would have been against evidence, and such being the case it was the duty of the court to nonsuit. This case as reported upon a former trial (5 Lansing, 436), and the decision there made, is quoted with apparent approval by Mr. Wharton in his recent treatise on the law of negligence, and the principle there decided makes a part of the text of section 238 of that work. It is not enough to authorize the submission of a question, as one of fact, to a jury, that there is “ some evidence. A scintilla of evidence, or a mere surmise that there may have been negligence on the part of the defendants, would not justify the judge in leaving the case to the jury.” (Per Williams, J., Toomey v. Railway Co., 3 C. B. [N. S.], 146.) The same learned justice adds that every person who has had any experience in courts of justice knows very well that a case of this sort against a railway company could only be submitted to a jury with one result. In another ease it is held that a judge will not be justified in leaving the case to the jury when the plaintiff’s evidence is equally consistent with the absence as with the existence of negligence in the defendant. In such case the party affirming negligence has altogether failed to establish it, and Eable, C. J., says, “ that is a rule which ought never to be lost sight of.” (Cotton v. Wood, 8 C. B. [N. S.], 568.). This rule applied to this case leads to an affirmance of the judgment for it cannot be denied that the evidence is as consistent with the idea that the defendant did carefully investigate the occurrence of which evidence was given, and with proper prudence and in the exercise of due care continue McGerty in its employ, as that they were negligent in the performance of that duty and carelessly or imprudently retained him with knowledge that he was not a proper man for the position. At most the jury could only conjecture that the defendant might have been wanting in the care and caution proper to be exercised in such a case, and if so the case was properly withheld from the jury. (Avery v. Bowden, 6 E. & B., 973, 974; Mc Mahon v. Lennard, 6 H. of L. Cases, 970, 993.)
*367 I am of the opinion that the plaintiff- was rightfully non-suited, and that the judgment should be affirmed.
All concur, except Folgee, J., not voting.
Judgment affirmed.